IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERVIN SLAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:18-CV-63-SMD |
| | ) |
| WARDEN HENLINE OF ECJ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff filed this 42 U.S.C. § 1983 action on January 31, 2018. (Doc. 1). When he filed suit, Plaintiff was incarcerated at the Elmore County Jail in Wetumpka, Alabama. On February 22, 2018, the Court entered an Order of procedure directing Defendants to file an answer and special report. (Doc. 7). This Order also directed Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." *Id.* at 3, ¶8. The Order further advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id.*

On January 23, 2019, Plaintiff's copy of a notice of case reassignment entered January 10, 2019, was returned to the Court marked as undeliverable because he is no longer at the last

---

[1] The parties in this case have consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings. Specifically, the parties executed a written consent form which reads, in relevant part, that in accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case "consent to have a United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of a final judgment, and post-judgment proceedings." *See* (Doc. 19).

address he provided for service. The Court entered an order on January 23, 2019, requiring that by February 4, 2019, Plaintiff show cause why his Complaint should not be dismissed for his failure to keep the Court apprised of his current address as directed in the court's order of procedure. (Doc. 27). This Order specifically cautioned Plaintiff that his failure to comply with the directives of the January 23 Order would result in the dismissal of this case. *Id*. Plaintiff's copy of the Court's January 23, 2019, Order was returned to the court marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this Court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The Court, therefore, concludes dismissal of the Complaint is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the Court. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

A separate Judgment will be entered.

Done, this 5th day of April, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE